| | | | |
|---|---|---|---|
| STATE OF SOUTH DAKOTA | ) | | IN CIRCUIT COURT |
| | :SS | | |
| COUNTY OF LINCOLN | ) | | SECOND JUDICIAL CIRCUIT |

| | | |
|---|---|---|
| ANDREA G. BJORNESTAD, | * | CIV. 08- |
| Plaintiff, | * | |
| -vs- | * | COMPLAINT |
| PROGRESSIVE NORTHERN INSURANCE COMPANY, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

Comes now the Plaintiff, for her complaint and cause of action against the Defendant, states and alleges as follows:

## COUNT ONE
(Breach of Contract)

1.

ANDREA G. BJORNESTAD is a resident of Lincoln County, South Dakota.

2.

That the Defendant is an automobile insurance company organized under the laws of a State other than the State of South Dakota, with its home offices and principal place of business in a State other than South Dakota, but doing business in South Dakota. Jurisdiction herein is predicated upon SDCL 15-7-2 and SDCL 47-8-16.

3.

On or about December 7, 2005, and prior thereto, ANDREA G. BJORNESTAD was covered by a policy of automobile insurance purchased by ANDREA G. BJORNESTAD from Defendant. The policy was sold by Defendant to ANDREA G. BJORNESTAD in South

Dakota. The premiums for the policy were current and the coverage therein was in full force and effect on the above date. The policy of insurance, policy number 43328181-3, included, among other coverage, underinsured motorist coverage for bodily injury or death, in accordance with SDCL 58-11-9, with coverage limits of $100,000.00 in underinsured motorist coverage for bodily injury.

4.

On December 7, 2005, at approximately 3:32 p.m., at or near 3800 East 6th Street in Sioux Falls, Minnehaha County, South Dakota, Nycole Marie Hansen did negligently and carelessly operate a motor vehicle by negligently and carelessly causing his vehicle to collide with the vehicle operated by ANDREA G. BJORNESTAD.

5.

At the time of the collision set forth above, Nycole Marie Hansen was operating a motor vehicle which was underinsured.

6.

At the time of the collision set forth above, Nycole Marie Hansen was operating an "underinsured motor vehicle" within the meaning of the underinsured motorist endorsement (South Dakota) contained in ANDREA G. BJORNESTAD's policy of insurance with Defendant.

7.

As a proximate result of the collision described above, ANDREA G. BJORNESTAD sustained injuries which necessitated medical care and treatment. Further, ANDREA G. BJORNESTAD has become permanently impaired due to the injuries she suffered on December 7, 2005.

8.

As a proximate result of said collision, ANDREA G. BJORNESTAD is entitled to damages for the injuries she incurred, said damages include but are not limited to, pain and suffering, medical and hospital care costs incurred as a result of the collision.

9.

Under the policy of insurance which ANDREA G. BJORNESTAD purchased from the Defendant, she is entitled to an amount of money which will reasonably and fairly compensate her for all of the above elements of loss, not to exceed the policy limit. The amount of money which will fairly and reasonably compensate ANDREA G. BJORNESTAD for said elements of loss exceeds the $25,000.00 that ANDREA G. BJORNESTAD received from Nycole Marie Hansen.

10.

ANDREA G. BJORNESTAD has requested that Defendant value her claim and pay that amount which they believe fairly compensates her for the losses she incurred as a result of the motor vehicle collision. Defendant, by and through its agent Loren Sedevie, has offered to pay $25,000, in addition to the $5,000.00 in medical expense paid under the medical expense coverage under the policy, but has conditioned that upon Andrea's releasing any other claim that she may have against the Defendant. Andrea believes that her damages exceed the amount that has been offered but has requested that the Defendant tender the amount that they have valued her case, which they have refused unless she signs a Release of All Claims.

11.

Defendant's failure and refusal to tender said amount constitutes a breach of the contract entitling ANDREA G. BJORNESTAD to compensatory damages in an amount to be determined.

## COUNT TWO
(Attorney's Fees)

12.

ANDREA G. BJORNESTAD re-alleges paragraphs 1 through 11 inclusive, as fully as if set forth in detail herein.

13.

Defendant's refusal to pay the full amount of ANDREA G. BJORNESTAD's valued claim under the underinsured motorist coverage of the policy with Defendant is vexatious and without reasonable cause entitling ANDREA G. BJORNESTAD to a reasonable sum for attorney's fees to be recovered and collected as part of the costs herein, pursuant to SDCL 58-2-3.

## COUNT THREE
(Bad Faith)

14.

ANDREA G. BJORNESTAD re-alleges Paragraph 1 through 13 inclusive, as fully as if set forth in detail herein.

15.

Defendant has failed to properly investigate ANDREA G. BJORNESTAD's claim or subject the results of any investigation to an unbiased reasonable evaluation and review.

16.

Defendant has further exhibited a reckless indifference to the facts and proof submitted by ANDREA G. BJORNESTAD and sought to manipulate their own insured.

17.

There is no reasonable basis for Defendant's denial of ANDREA G. BJORNESTAD's claim herein or their conditioning their payment of the $25,000.00 that they valued her claim on her releasing them from any further liability.

18.

At all times material herein, Defendant had knowledge that there was no reasonable basis for its denial of ANDREA G. BJORNESTAD's claim, or exercised a reckless disregard of whether there was a reasonable basis for the denial or its conditioning of their offer to Andrea.

19.

The above-referenced conduct on the part of the Defendant constitutes a violation of Defendant's duty of good faith and fair dealing to its insured, which breach constitutes an independent cause of action sounding in tort.

20.

As a proximate result of the Defendant's bad faith, ANDREA G. BJORNESTAD has suffered compensatory damages in an amount to be proven at trial, including, but not limited to, the fair and reasonable amount of compensation to which she is entitled under the uninsured motorist coverage provision of ANDREA G. BJORNESTAD's policy of insurance with Defendant. Further, ANDREA G. BJORNESTAD has incurred, and will continue to incur, additional compensatory damages in the form of emotional distress proximately caused by Defendant's wrongful denial and delay of her claims, as well as attorney's fees and costs incurred in connection with this litigation to enforce her rights under the policy of insurance with Defendant.

21.

Defendant's conduct set forth above is oppressive, fraudulent and malicious, entitling ANDREA G. BJORNESTAD to an award of punitive damages against Defendant, pursuant to SDCL 21-3-2, in an amount to be proven at trial.

WHEREFORE, Plaintiff prays for judgment against the Defendant as follows:

1. For compensatory damages in an amount to be proven at trial.

2. For punitive damages in an amount to be proven at trial.

3. For a reasonable sum of attorney fees pursuant to SDCL 58-12-3.

4. For prejudgment interest, post-judgment interest, and the costs of this action.

5. For such other and further relief as the Court deems just and equitable.

Dated at Sioux Falls, South Dakota, this 9th day of June, 2008.

MOORE, RASMUSSEN, KADING & KUNSTLE, LLP

_____
Samuel M. Goodhope
Attorney for Plaintiff
2415 West 57th Street
P.O. Box 2618
Sioux Falls, SD 57101-2618
(605) 336-1730

**PLAINTIFF DEMANDS TRIAL BY JURY**