UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| ANDREA G. BJORNESTAD, | CIV 08-4105 |
| Plaintiff, | |
| vs. | MEMORANDUM OPINION AND ORDER RE: MOTION TO PROCEED WITH CLAIM FOR PUNITIVE DAMAGES |
| PROGRESSIVE NORTHERN INSURANCE COMPANY, | |
| Defendant. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Plaintiff Andrea Bjornestad has moved for an Order based on clear and convincing evidence that there is a reasonable basis that there has been willful, wanton or malicious conduct on the part of the Defendant, justifying submission of the punitive or exemplary damages issue to the jury. Doc. 64. In their briefing the parties raised the issue of whether S.D.C.L. § 21-1-4.1 applies in the federal courts. In this memorandum opinion this Court will present its position on the application of S.D.C.L. § 21-1-4.1 in the federal courts. S.D.C.L. § 21-1-4.1 states:

> In any claim alleging punitive or exemplary damages, before any discovery relating thereto may be commenced and before any such claim may be submitted to the finder of fact, the court shall find, after a hearing and based upon clear and convincing evidence, that there is a reasonable basis to believe that there has been willful, wanton or malicious conduct on the part of the party claimed against.

In an unpublished memorandum opinion in *Issendorf v. Capitol Indemnity Corp.*, No. 93-1011 (D.S.D. May 3, 1995)(relevant portions attached as Appendix), this Court analyzed the application of S.D.C.L. § 21-1-4.1 in the federal courts. The *Issendorf* opinion recognizes that S.D.C.L. § 21-1-4.1 has two purposes- imposing a threshold of proof on a punitive damages claim before discovery and imposing that threshold of proof before submission of a punitive damages claim to a jury. The *Issendorf* opinion concludes that the discovery portion of S.D.C.L. § 21-1-4.1 directly conflicts with FED. R. CIV. P. 26 and that the discovery portion of S.D.C.L. § 21-1-4.1 does

not apply in the federal courts.

But the *Issendorf* opinion recognizes that the jury submission portion of S.D.C.L. § 21-1-4.1 does not conflict with any Federal Rule. The *Issendorf* opinion further recognizes that the jury submission portion of the state statute has a substantial effect on the litigation so as to require its application in federal courts under the *Erie* doctrine. This Court in the *Issendorf* case and in subsequent punitive damages cases has concluded that S.D.C.L. § 21-1-4.1 requires a low quantum of proof of a punitive damages claim to be presented at a hearing in order for a plaintiff to submit a punitive damages claim to a jury. The Eight Circuit Court of Appeals has explained:

> Under South Dakota law, a trial court may submit punitive damages to the jury when clear and convincing evidence shows a "reasonable basis" to believe there has been willful, wanton, or malicious conduct. *Isaac v. State Farm Mut. Auto. Ins. Co.*, 522 N.W.2d 752, 761 (S.D.1994). The reasonable basis standard establishes "a preliminary, lower-order quantum of proof than must be established at trial." *Id.* Although malice is required, it may be shown by either actual or presumed malice. *Id.* DMI's claim for punitive damages was predicated on a claim of presumed malice, which "can be shown by demonstrating a disregard for the rights of others." *Biegler v. Am. Family Mut. Ins. Co.*, 621 N.W.2d 592, 605 (S.D.2001). An act "conceived in the spirit of mischief or of criminal indifference to civil obligations" supports punitive damages. *Dahl v. Sittner*, 474 N.W.2d 897, 900 (S.D.1991) (quoting *Hannahs v. Noah*, 83 S.D. 296, 158 N.W.2d 678, 682 (1968)).

*Diesel Machinery, Inc. v. B.R. Lee Industries, Inc.*, 418 F.3d 820, 837-38 (8th Cir. 2005).

In order to meet the requirements of S.D.C.L. § 21-1-4.1, a Plaintiff seeking punitive damages in federal district court should first serve and file a document that contains specific references to portions of the record that support the punitive damages claim and attach the relevant portion of the record to the document. The pretrial motions hearing will then afford an opportunity for the parties to present argument, and the pretrial motions hearing will suffice to satisfy the hearing requirement of S.D.C.L. § 21-1-4.1. If the Court determines the Plaintiff has presented the "lower-order quantum of proof" at the pretrial hearing, the Plaintiff may then present evidence of his punitive damages claim to the jury. At the trial, after the Plaintiff has presented her evidence supporting her punitive damages claim, she must approach the bench and request permission from the Court, outside the presence of the jury, before presenting financial information regarding the defendant to the jury. At the close of the evidence at trial, the Court will consider whether a

reasonable jury could find willful, wanton or malicious conduct on the part of the defendant.

If in view of this opinion either party desires to make any further filings on the punitive damages issue, then each party has until 5 days before the August 2, 2010 pretrial and motions hearing to file the same. The procedure for submitting a punitive damages claim as described in this memorandum opinion will then be followed.

IT IS SO ORDERED.

Dated this 20th day of July, 2010.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: Summa Wah
DEPUTY