FILED

AUG 10 2010

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| ANDREA G. BJORNESTAD, | \* | CIV 08-4105 |
| Plaintiff, | \* | |
| vs. | \* | MEMORANDUM OPINION AND ORDER |
| PROGRESSIVE NORTHERN INSURANCE COMPANY, | \* | |
| Defendant. | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

At the Pre-Trial Conference the Court indicated to the parties that it would advise as to whether or not the requirements of SDCL 21-1-4.1 had been met. After reading the submissions of counsel and based upon those submissions, arguments of counsel, and all of the files and records in this matter, it is the Court's conclusion that the showing made by the Plaintiff does show, based upon clear and convincing evidence, that there is a reasonable basis to believe that there has been willful, wanton, or malicious conduct on the part of Progressive Northern Insurance Company.

This personal injury case arises from a motor vehicle collision. Liability is clear in favor of Plaintiff. The insurance carrier for the other driver paid its $25,000.00 policy limits. Plaintiff is a young educator and by Defendant's own evaluation will make a very good witness. The damage to her vehicle was about $1,400.00. At the time of the insurer's evaluation in January 2008, the Plaintiff had $24,300.00 in medical bills. Medical specials are now about $40,000.00. The focus of the bad faith inquiry in this case is what the insurer knew at the time of evaluating the claim. Accordingly, the $24,300.00 in medical specials is considered but not the subsequent figure of $40,000.00. Also, at the time of the evaluation in January 2008 the insurer did not have the adverse medical examiner's opinion of December 15, 2009, which essentially dismissed Plaintiff's claim. Plaintiff's medical care providers state that Plaintiff's physical disability is permanent and related to this collision. Plaintiff's medical care providers have not, however, opined as to the extent of

Plaintiff's permanent disability. Contrary to the separate medical exam conducted at the request of the insurer, Plaintiff's medical care providers have also stated that the medical expenses incurred by Plaintiff were reasonably necessary and a result of the collision.

Plaintiff does not contend that Progressive, through its claims persons, acted with actual malice motivated by hatred or ill-will towards Andrea Bjornestad. Instead, Plaintiff claims legal or presumed malice. "A claim for presumed malice can be shown by demonstrating a disregard for the rights of others." *Isaac v. State Farm*, 552 N.W.2d 752, 761 (S.D. 1994). No one evaluating the case for Defendant had an opinion that the case was worth less than $25,000.00 new money. In fact, each of Defendant's claims persons opined it was worth $25,000.00 to $50,000.00 new money, plus the waiving of the $5,000.00 in medical subrogation.

Loren Sedevie was one of the two claims persons who expressed an opinion that their insured's case was worth $25,000.00 to $50,000.00 new money plus waiving the $5,000.00 medical subrogation. Despite that, Mr. Sedevie told Plaintiff's counsel that the insurer thought the case was worth less than $25,000.00 new money. That is not just puffery, that is not true. It is true that under these circumstances the insurer is not in a fiduciary relationship to its insured. The parties in this first-party claim are in an adversarial relationship, and the insurer is permitted to challenge claims that are fairly debatable. *Hein v. Acuity*, 731 N.W.2d 231, 235 (S.D. 2007). But in a first-party claim a contractual relationship also exists and there can be procedural bad faith. *Hein* at 236.

Plaintiff also claims bad faith by the Defendant because the Defendant would not pay $25,000.00 in new money without a full release. There is no South Dakota case law requiring such a partial payment. That refusal is not a basis for the bad faith claim.

Plaintiff also claims bad faith by the insurer misinforming the independent examining physician. The misinformation was telling Dr. Cederberg, an orthopedic surgeon in Minneapolis, that there was no complaint of low back pain until six weeks after her collision. It should be noted that the letter from the claims person, Loren Sedevie, was dated February 1, 2008. The date avoids

any question about whether or not litigation conduct should be considered. *See Dakota, Minnesota & Eastern Railroad Corporation v. Acuity*, 771 N.W.2d 623, 636 (S.D. 2009). This litigation was initially commenced in state court in June, 2008, and removed to Federal Court on July 8, 2008. Dr. Cederberg relied heavily upon that misrepresentation when he stated in his report "The first time that low back pain had been mentioned in the records was approximately six weeks following the accident of December 7, 2005."

Exhibit 4 attached to the Plaintiff's response shows that on the intake form upon her initial visit to her chiropractor the day after the collision, Ms. Bjornestad complained of "pain in the neck and shoulder and it radiates down my back." The intake form is dated December 8, 2005, and is entitled "CONFIDENTIAL PATIENT INFORMATION." The Court cannot tell from the record before the Court whether or not the intake form was included in the medical records sent by the insurer to Dr. Cederberg.

Plaintiff also complains that her insurer ignored the opinions of her treating physicians in evaluating her claim. The insurer's comment that the treating physicians were biased does not have any support in the record. The insurer does have an obligation to consider the opinions of treating medical providers. The insurer's statement regarding treating physician bias does not on its own provide a basis for a bad faith claim but it may be considered as a part of the bad faith claim.

Taking these various factors all into consideration, and also considering all of the files and records in this case, it is this Court's conclusion that Plaintiff has met the requirements of SDCL 21-1-4.1. Accordingly,

IT IS ORDERED:

1. That the Court finds that Plaintiff has met the requirements of SDCL 21-1-4.1 and may proceed to present the insurance bad faith claim and the resulting demand for punitive damages to the jury. The procedure to be followed is as stated in this Court's Order of July 20, 2010.

3

Dated this 10th day of August, 2010.

                                            BY THE COURT:

                                            /s/ Lawrence L. Piersol
                                            Lawrence L. Piersol
                                            United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: /s/ Colleen Schulte
              DEPUTY